**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **VIAAS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 2:24-cv-00713-JRG-RSP** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **VIVINT, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT VIVINT, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ....... 1

II. BACKGROUND ....... 2

A. ’888 Patent Assignment History ....... 2

B. ’069 Patent Assignment History ....... 5

III. LEGAL STANDARDS ....... 8

A. Choice of Law ....... 8

B. Rule 12(b)(1) Standard ....... 8

C. Constitutional Standing for Patent Infringement Claims ....... 9

IV. ARGUMENT ....... 10

A. Plaintiff Lacks Standing to Bring this Suit Because the Assignment Records Show that the Asserted Patents Are Still Owned by Third Iris Corp. ....... 10

B. Plaintiff Cannot Cure Its Lack of Standing by Filing an Amended Complaint ....... 12

V. CONCLUSION ....... 12

# TABLE OF AUTHORITIES

**Federal Cases**


*Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359 (Fed. Cir. 2010) .............................. 8, 12

*Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379 (Fed. Cir. 2015) ...................................... 9

*Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710 (5th Cir. 2012) .................................................... 9

*Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090 (Fed. Cir. 1998) ..................................... 12

*Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310 (Fed. Cir. 2005) ...................................... 9

*Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546 (2005) ................................................. 8

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774 (Fed. Cir. 1996) ............................. 12

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ................................................................................ 9

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 34 F.4th 1334 (Fed. Cir. 2022) ........................... 8-9

*Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007) .......................................................... 8

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967 (Fed. Cir. 2017) .............................................................................................................. 9, 12

*People's Nat'l Bank v. Off. of the Comptroller of the Currency of the U.S.*, 362 F.3d 333 (5th Cir. 2004) ...................................................................................................... 8

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005) .......................... 12

*Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005) .................................... 9, 12

*SiRF Tech., Inc. v. I.T.C.*, 701 F.3d 1319 (Fed. Cir. 2010) ........................................................... 10

*Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502 (5th Cir. 2015) ......................................................................................................................... 9

*VIAAS Inc. v. Amazon.com Inc. et al.*, Nos. WA-22-CV-1041-KC, -1046-KC, -1047-KC, -1048-KC, and -1052-KC, 2023 U.S. Dist. LEXIS 72281 (W.D. Tex. Apr. 25, 2023) ........................................................................................... 1, 8, 11-12

*WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257 (Fed. Cir. 2010) ......................................... 9, 10

# TABLE OF EXHIBITS

| Ex. | Title |
|---|---|
| A | "Assignment 1" for the '888 Patent, purporting to be an assignment of U.S. Patent Application No. 12/395,437 from Steven Roskowski to Third Iris Corp. dated March 2, 2009 |
| B | "Assignment 2" for the '888 Patent, dated October 3, 2012, titled "Patent Security Agreement," and purporting to grant Silicon Valley Bank a "security interest" in several granted patents and patent applications, including the '437 Application, on behalf of Barracuda Networks, Inc. |
| C | "Assignment 3" for the '888 Patent, dated April 25, 2013, titled "Indemnity Agreement," and purporting to be an agreement between Steven Roskowski and Barracuda Networks, Inc. |
| D | "Assignment 4" for the '888 Patent and "Assignment 2" for the '069 Patent, dated May 31, 2017, titled "Bill of Sale, Assignment and Assumption Agreement," and purporting to be an agreement between Barracuda Networks, Inc. and VIAAS, Inc. |
| E | "Assignment 5" for the '888 Patent, dated January 2, 2018, titled "Termination and Release of Patent Security Agreement," and purporting to terminate Silicon Valley Bank's "security interest" in several granted patents and patent applications, including the '888 Patent, "in favor of" Barracuda Networks, Inc. |
| F | "Assignment 6" for the '888 Patent and "Assignment 5" of the '069 Patent, dated December 19, 2023, titled "Nunc Pro Tunc Assignment," and purporting to transfer and assign to VIAAS, Inc. all of Barracuda Network Inc.'s alleged right, title, and interest in three granted patents, including the '888 Patent and the '069 Patent |
| G | "Assignment 1" for the '069 Patent, dated October 29, 2015, and purporting to be an assignment of U.S. Patent Application No. 13/666,879 from Steven Roskowski to Barracuda Networks, Inc. |
| H | "Assignment 3" for the '069 Patent, dated August 15, 2022, titled "Grant of Second Lien Security Interest in Patent Rights," and purporting to grant from Barracuda Networks, Inc. to KKR Loan Administration Services LLC a "security interest" in several granted patents and patent applications, including the '069 Patent |
| I | "Assignment 4" for the '069 Patent, dated August 15, 2022, titled "Grant of First Lien Security Interest in Patent Rights," and purporting to grant from Barracuda Networks, Inc. to UBS AG a "security interest" in several granted patents and patent applications, including the '069 Patent |

## I. INTRODUCTION

VIAAS's First Amended Complaint ("FAC") against Vivint, Inc. ("Vivint") (Dkt. 13) [1] should be dismissed under Fed. R. Civ. P. 12(b)(1) because VIAAS lacks standing to bring this suit. The available evidence establishes that VIAAS does not own any rights in U.S. Patent Nos. 8,558,888 ("the '888 Patent") and 9,472,069 ("the '069 Patent") (together, the "Asserted Patents"). The public record shows that a Cayman Islands company named Third Iris Corp. is the rightful owner, and there is no evidence in the public record showing that ownership of the Asserted Patents was ever transferred from Third Iris Corp. to VIAAS or anyone else, directly or indirectly. For this exact reason, approximately 18 months ago a court in the Western District of Texas dismissed under Rule 12(b)(1) several earlier cases filed by VIAAS on these same patents, stating:

> *[B]ecause there is no evidence in the record that Third Iris Corp. ever assigned the Patents to anyone, let alone Barracuda or Plaintiff, the chain of title is broken, and Plaintiff has not demonstrated that it has standing to bring these lawsuits.*

*VIAAS Inc. v. Amazon.com Inc. et al.*, Nos. WA-22-CV-1041-KC, -1046-KC, -1047-KC, -1048-KC, and -1052-KC, 2023 U.S. Dist. LEXIS 72281, at *15 (W.D. Tex. Apr. 25, 2023) (dismissing VIAAS's cases against Amazon.com, Inc., ADT LLC, Cisco Systems, Inc., Google LLC, and Vivint, Inc. for lack of standing as to the '888 and '069 Patents).

To avoid wasting party and court resources on unnecessary motion practice, before filing this motion Defendant requested that Plaintiff provide any supporting documentation showing that

[1] Plaintiff's Original Complaint (Dkt. 1) named only Vivint Smart Home, Inc. ("VSH") as a defendant. VSH moved to dismiss that Complaint for lack of personal jurisdiction and improper venue (Dkt. 11). Plaintiff responded to that motion by filing (1) a First Amended Complaint that named only Vivint, Inc. as a defendant (Dkt. 13), and (2) an Unopposed Motion to Dismiss VSH (Dkt. 14), which the Court granted on November 4, 2024 (Dkt. 15).

the problems with the chain of title had been properly addressed. Plaintiff's response, however, confirmed that nothing has been done to fix the chain of title problem as to Third Iris Corp. Although re-filing an action in the Eastern District of Texas may provide Plaintiff with an alternative venue in which to seek another bite at the apple, this proceeding still suffers from the same lack of standing as the earlier proceedings in the Western District of Texas. Therefore, this case should suffer the same fate as the earlier cases that were dismissed for lack of subject matter jurisdiction.

## II. BACKGROUND

### A. '888 Patent Assignment History

The '888 Patent issued on October 15, 2013 from U.S. Patent Application No. 12/395,437 (the "'437 Application"), which was filed on February 27, 2009. Dkt. 13-1 at Ex. A. The sole named inventor on the patent is Steven Roskowski. *Id*. There are six purported "assignments" of the '888 Patent that are publicly available on the USPTO's "Patent Assignment Search" website, several of which are not actually assignments or attempted assignments, as explained in more detail below.

#### 1. "Assignment 1": 2009 Assignment from Roskowski to Third Iris Corp.

On March 2, 2009, Roskowski assigned his "entire right, title and interest" in and to the purported inventions disclosed in the '437 Application to Third Iris Corp., "a corporation of Cayman Islands." Greene Decl., Ex. A (hereafter the "2009 Assignment"). This assignment included all rights to any patents granted from the '437 Application as well as "any application which is a divisional, substitution, continuation, or continuation-in-part" of the '437 Application. *Id.*

2. <u>"Assignment 2": 2012 Patent Security Agreement Between Silicon Valley Bank and Barracuda Networks, Inc.</u>

On October 3, 2012, Barracuda Networks, Inc. ("Barracuda") executed a document titled "Patent Security Agreement" that purported to grant Silicon Valley Bank ("SVB") a "security interest" in several granted patents and patent applications, including the '437 Application. Greene Decl., Ex. B (hereafter the "2012 Security Agreement"). The 2012 Security Agreement does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '437 Application. Despite being identified as "Assignment 2" for the '888 Patent on the USPTO's "Patent Assignment Search" website, the document does not purport to assign any rights in the '437 Application or any patents relating thereto.

3. <u>"Assignment 3": 2013 Indemnity Agreement Between Roskowski and Barracuda Networks, Inc.</u>

On April 25, 2013, Roskowski and Barracuda executed a document titled "Indemnity Agreement." Greene Decl., Ex. C (hereafter the "2013 Indemnity Agreement"). Although the transmittal cover sheet used when recording the 2013 Indemnity Agreement incorrectly identifies the agreement as an "assignment," the agreement does not in fact assign any interests in the '437 Application or any patents relating thereto. *Id.* To the contrary, the 2013 Indemnity Agreement includes a "No Licenses" provision that expressly states that "[n]othing set forth herein shall constitute either any grant of any right, covenant, release or license to [Roskowski] with respect to, or under, any patent . . . . or other intellectual property right of [Barracuda]." *Id.*

4. <u>"Assignment 4": 2017 Bill of Sale, Assignment, and Assumption Agreement Between Barracuda Networks, Inc. and VIAAS, Inc.</u>

On May 31, 2017, Barracuda entered into a "Bill of Sale, Assignment and Assumption Agreement" with Plaintiff VIAAS. Greene Decl., Ex. D (hereafter the "2017 Bill of Sale"). The 2017 Bill of Sale itself makes no mention of any patents. The 2017 Bill of Sale does reference

a May 11, 2017, Asset Purchase Agreement (the "2017 Asset Purchase Agreement"), which was never recorded with the Patent Office. The only mention of any patents comes in Amendment No. 1, which is attached to the 2017 Bill of Sale and states the following in Schedule 1.04: "[Plaintiff] ***may request*** transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request." *Id.* (emphasis added). Amendment No. 1 then identifies the '437 Application. *Id.* Thus, at most, Amendment No. 1 contains a mere ***promise*** to assign rights at some time in the future after being requested by Plaintiff. It does not evince a past or present assignment to any person or entity, and there is no evidence that Plaintiff requested such a transfer prior to a Nunc Pro Tunc Assignment that was signed several years later in December of 2023 (discussed in detail below).

5. "Assignment 5": 2018 Termination and Release of Patent Security Agreement Between Silicon Valley Bank and Barracuda Networks, Inc.

On January 2, 2018, Barracuda executed a document titled "Termination and Release of Patent Security Agreement" that purported to terminate SVB's purported "security interest" in several granted patents and patent applications, including the '888 Patent. Greene Decl., Ex. E (hereafter the "2018 Termination Agreement"). The 2018 Termination Agreement does not mention Third Iris Corp. (the original 2009 assignee), nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '888 Patent or the '437 Application. Despite being incorrectly identified as "Assignment 5" for the '888 Patent on the USPTO's "Patent Assignment Search" website, the document does not purport to assign any rights in the '888 Patent or the '437 Application.

6. "Assignment 6": 2023 Nunc Pro Tunc Assignment from Barracuda Networks, Inc. to VIAAS, Inc.

On December 19, 2023 (*i.e.*, approximately eight months after the Western District of Texas court dismissed VIAAS's previous lawsuits on these same patents for lack of standing),

Barracuda executed a document titled "Nunc Pro Tunc Assignment" that purported to transfer and assign to VIAAS all of Barracuda's alleged right, title, and interest in three granted patents, including the '888 Patent and the '069 Patent, both of which are asserted in this case. Greene Decl., Ex. F. (hereafter the "2023 Nunc Pro Tunc Assignment"). The 2023 Nunc Pro Tunc Assignment does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '888 Patent or '069 Patent or how any such rights were purportedly acquired by Barracuda.

**B. '069 Patent Assignment History**

The '069 patent issued on October 18, 2016 from U.S. Patent Application No. 13/666,879 ("the '879 Application"), which was filed on November 1, 2012. Dkt. 13-1 at Ex. B. The '879 Application claims priority to and is a divisional of the '437 Application. *Id.* Roskowski was again the sole named inventor. *Id.* As noted above, the 2009 Assignment executed by Roskowski conveyed to Third Iris Corp. all rights in "any application which is a divisional, substitution, continuation, or continuation-in-part" of the '437 Application. Greene Decl., Ex. A. Thus, the '879 Application, as a divisional of the '437 Application, was conveyed to Third Iris Corp. per the 2009 Assignment. There are five purported "assignments" of the '069 Patent that are publicly available on the USPTO's "Patent Assignment Search" website, several of which are not actually assignments or attempted assignments as explained below.

1. <u>"Assignment 1": 2015 Assignment from Roskowski to Barracuda Networks, Inc.</u>

On October 29, 2015, Roskowski attempted to assign his "entire right, title and interest" in and to the inventions disclosed in the '879 Application to Barracuda. Greene Decl., Ex. G (Assignment of '879 Application dated October 29, 2015, hereafter the "2015 Attempted Assignment"). As noted above, however, because the '879 Application was a divisional of the

’437 Application, the ’879 Application was previously conveyed to Third Iris Corp. per the 2009 Assignment, and therefore in 2015 Roskowski owned no rights in the ’879 Application that he could have transferred to Barracuda via the 2015 Attempted Assignment.

2. “Assignment 2”: 2017 Bill of Sale, Assignment, and Assumption Agreement Between Barracuda Networks, Inc. and VIAAS, Inc.

As noted above with regard to the ’888 Patent, on May 31, 2017, Barracuda entered into the 2017 Bill of Sale with Plaintiff VIAAS. Greene Decl., Ex. D (2017 Bill of Sale). The 2017 Bill of Sale itself makes no mention of any patents. The 2017 Bill of Sale does reference a 2017 Asset Purchase Agreement, which was never recorded with the Patent Office. The only mention of any patents comes in Amendment No. 1, which is attached to the 2017 Bill of Sale and states the following in Schedule 1.04: “[Plaintiff] ***may request*** transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request.” *Id.* (emphasis added). Amendment No. 1 then identifies the ’879 Application (in addition to the ’437 Application). *Id.* Thus, at most, Amendment No. 1 contains a mere ***promise*** to assign rights at some time in the future after being requested by Plaintiff. It does not evince a past or present assignment, and there is no evidence that Plaintiff requested such a transfer prior to the Nunc Pro Tunc Assignment (discussed above and below) that was signed in December of 2023.

3. “Assignment 3”: 2022 Grant of Second Lien Security Interest in Patent Rights Between Barracuda Networks, Inc. and KKR Loan Administration Services LLC

On August 15, 2022, Barracuda executed a document titled “Grant of Second Lien Security Interest in Patent Rights” that purported to grant KKR Loan Administration Services LLC a “security interest” in several granted patents and patent applications, including the ’069 Patent (but not the ’437 Application or ’888 Patent). Greene Decl., Ex. H (hereafter the “Second Lien Security Agreement”). The Second Lien Security Agreement does not mention Third Iris Corp., nor does it

indicate the nature or extent of any rights Barracuda purportedly had in the ’879 Application or the ’069 Patent (or the ’888 Patent or the ’437 Application). Despite being identified as “Assignment 3” for the ’069 Patent on the USPTO’s “Patent Assignment Search” website, the document does not purport to assign any rights in the ’879 Application or the ’069 Patent (or the ’888 Patent or the ’437 Application).

4. “Assignment 4”: 2022 Grant of First Lien Security Interest in Patent Rights Between Barracuda Networks, Inc. and UBS AG

On August 15, 2022, Barracuda executed a document titled “Grant of First Lien Security Interest in Patent Rights” that purported to grant UBS AG a “security interest” in several granted patents and patent applications, including the ’069 Patent (but not the ’437 Application or ’888 Patent). Greene Decl., Ex. I (hereafter the “First Lien Security Agreement”). The First Lien Security Agreement does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda purportedly had in the ’879 Application or the ’069 Patent (or the ’888 Patent or the ’437 Application). Despite being identified as “Assignment 4” for the ’069 Patent on the USPTO’s “Patent Assignment Search” website, the document does not purport to assign any rights in the ’879 Application or the ’069 Patent (or the ’888 Patent or the ’437 Application).

5. “Assignment” 5: 2023 Nunc Pro Tunc Assignment from Barracuda Networks, Inc. to VIAAS, Inc.

As discussed above, on December 19, 2023 (*i.e.*, approximately eight months after the Western District of Texas court dismissed VIAAS’s previous lawsuits on these same patents for lack of standing), Barracuda executed the Nunc Pro Tunc Assignment that purported to transfer and assign to VIAAS all of Barracuda’s alleged right, title, and interest in three granted patents, including the ’888 Patent and the ’069 Patent. Greene Decl., Ex. F. The Nunc Pro Tunc Assignment does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda

purportedly had in the ’888 Patent or ’069 Patent or how any such rights were purportedly acquired by Barracuda.

## III. LEGAL STANDARDS

### A. Choice of Law

The patent statute governs who has standing to bring suit for patent infringement. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1337 (Fed. Cir. 2007); *see also Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010). Federal Circuit law therefore governs the analysis of the substantive question of whether Plaintiff has standing to bring this lawsuit. *See Abraxis Bioscience*, 625 F.3d at 1364; *see also VIAAS*, 2023 U.S. Dist. LEXIS 72281, at *8–9. The substantive law notwithstanding, the procedural and evidentiary standards governing Rule 12(b)(1) motions are “nonpatent-specific issue[s],” for which regional circuit precedent applies. *Mitek Sys., Inc. v. United Servs. Auto. Ass’n*, 34 F.4th 1334, 1341 (Fed. Cir. 2022). Accordingly, while Federal Circuit precedent governs the resolution of the underlying standing question, it must do so within the structure of the Rule 12(b)(1) procedures established by the Fifth Circuit. *See id.*; *see also VIAAS*, 2023 U.S. Dist. LEXIS 72281, at *9.

### B. Rule 12(b)(1) Standard

Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005); *People’s Nat’l Bank v. Off. of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Motions to dismiss for lack of subject matter jurisdiction may either be “facial” or “factual.” *Mitek Sys.*, 34 F.4th at 1341. A facial challenge accepts the facts alleged in the complaint as true and contends that such allegations do not establish jurisdiction. *See id.* (citing *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012)). Conversely, a factual challenge involves the submission of evidence that the defendant contends disproves the plaintiff’s jurisdictional

allegations. *Id.* (citing *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)). "To defeat a factual attack, a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof." *Id.* (internal quotation marks omitted) (quoting *Superior MRI Servs.*, 778 F.3d at 504).

"Standing must be present at the time the suit is brought." *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967, 970 (Fed. Cir. 2017) (quoting *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975–76 (Fed. Cir. 2005)). "The party bringing the action bears the burden of establishing that it has standing." *Id.* (quoting *Sicom Sys.*, 427 F.3d at 976). When a Rule 12(b)(1) motion raises a factual attack, the plaintiff bears the burden of establishing standing by a preponderance of the evidence. *See Mitek Sys.*, 34 F.4th at 1341 (citing *Superior MRI Servs.*, 778 F.3d at 504).

### C. Constitutional Standing for Patent Infringement Claims

"Standing is a jurisdictional question." *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1382 (Fed. Cir. 2015). To have standing under Article III of the Constitution, a plaintiff alleging patent infringement must have suffered an injury that is causally connected to the defendant's conduct and redressable by a favorable decision. *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1313 (Fed. Cir. 2005) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010).

"Under the Patent Act, a patent grants the patentee the right to exclude others from making, using, selling, or offering to sell a patented invention within the United States, as well as the right

to exclude others from importing a patented invention into the United States." *WiAV Sols.*, 631 F.3d at 1264 (citing 35 U.S.C. § 271(a)). The Patent Act also expressly confers the right to initiate a "civil action for infringement" of one or more of those rights upon the "patentee." *Id.* (quoting 35 U.S.C. § 281). The term "'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee." *Id.* (quoting 35 U.S.C. § 100(d)). Thus, "if the patentee transfers all substantial rights under the patent, it amounts to an assignment and the assignee [*i.e.*, the successor in title] may be deemed the effective patentee under 35 U.S.C. § 281." *Id.* (alteration omitted, internal quotations omitted).

## IV. ARGUMENT

### A. Plaintiff Lacks Standing to Bring this Suit Because the Assignment Records Show that the Asserted Patents Are Still Owned by Third Iris Corp.

Plaintiff lacks constitutional standing to bring suit because there is no evidence that Third Iris Corp.'s rights in the Asserted Patents were ever transferred to Barracuda, and therefore there is no evidence that Barracuda ever owned any rights in the patents that it could have transferred to Plaintiff.

Although the FAC alleges that Plaintiff is the "exclusive owner" of the Asserted Patents (Dkt. 13 at ¶¶ 14, 16), the publicly available chain of title demonstrates that Third Iris Corp. is still the actual owner of the patents. In the 2009 Assignment, Roskowski unequivocally assigned his "entire right, title and interest" in and to the purported inventions disclosed in the '437 Application to Third Iris Corp. Greene Decl., Ex. A; *see SiRF Tech., Inc. v. I.T.C.*, 701 F.3d 1319, 1327–28 (Fed. Cir. 2010) ("The recording of an assignment with the PTO . . . creates a presumption of validity as to the assignment . . . ."). This assignment included all rights to any patents granted from the '437 Application, as well as "any application which is a **divisional**, substitution, continuation, or continuation-in-part" of the '437 Application. *Id.* (emphasis added).

Thus, the assignment to Third Iris Corp. included the ’888 Patent (which resulted directly from the ’437 Application) **and** the ’069 Patent (which resulted from the ’879 Application, which claims priority to and is a divisional of the ’437 Application).

As laid out above in the assignment history for each patent, none of the other documents in the public record for either patent (*i.e.*, that are recorded with the USPTO) shows any transfer of ownership of the Asserted Patents from Third Iris Corp. to anyone else, including Barracuda or the Plaintiff here, VIAAS. As a result, the chain of title is broken, Plaintiff never obtained any rights in the Asserted Patents, and Plaintiff therefore lacks standing to bring this lawsuit. This is precisely the result reached by the Western District of Texas court in 2023 when it dismissed Plaintiff’s first round of lawsuits on these patents for the same reason. *See VIAAS*, 2023 U.S. Dist. LEXIS 72281, at *15 (“[B]ecause there is no evidence in the record that Third Iris Corp. ever assigned the Patents to anyone, let alone Barracuda or Plaintiff, the chain of title is broken, and Plaintiff has not demonstrated that it has standing to bring these lawsuits.”).

Based on the position taken by Plaintiff in the prior cases, it is expected that Plaintiff will try to contend that Third Iris Corp.’s rights in the Asserted Patents were automatically transferred to Barracuda as a result of a corporate dissolution of Third Iris Corp. However, to date Plaintiff has not come forward with any evidence that such a corporate dissolution ever actually took place under Cayman Islands law; nor has Plaintiff come forward with any evidence that such a dissolution resulted in the automatic transfer of any or all of Third Iris Corp.’s assets (including its rights in the Asserted Patents) under Cayman Islands law; nor has Plaintiff come forward with any evidence of when such an automatic transfer would have been effective under Cayman Islands law.

### B. Plaintiff Cannot Cure Its Lack of Standing by Filing an Amended Complaint

To the extent Plaintiff requests leave to amend its complaint to attempt to cure its lack of standing, no amendment of the complaint could change the fact that Plaintiff never acquired the exclusionary rights it needs to sue for infringement of the Asserted Patents. Moreover, "[s]tanding must be present at the time the suit is brought." *Nat'l Oilwell Varco*, 676 F. App'x at 970 (quoting *Sicom Sys.*, 427 F.3d at 975–76). Therefore, just as the Western District of Texas court found under identical circumstances, "even if Plaintiff were to obtain the necessary rights to the Patents now, the Court would remain bound to dismiss the cases." *VIAAS*, 2023 U.S. Dist. LEXIS 72281, at *19–20 (citing *Abraxis Bioscience*, 625 F.3d at 1366 ("[N]unc pro tunc assignments are not sufficient to confer retroactive standing.") (quoting *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998)); *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) ("[T]he jurisdictional defect cannot be cured by . . . the subsequent purchase of an interest in the patent in suit.") (citing *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996))).

## V. CONCLUSION

For the foregoing reasons, Plaintiff lacks constitutional standing to sue, and the Court therefore lacks subject matter jurisdiction. Defendant respectfully requests that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Moreover, because Plaintiff's lack of standing cannot be cured after the fact, any amendment to the pleadings would be futile; therefore, Plaintiff should not be granted leave to amend. *See Schreiber Foods*, 402 F.3d at 1203 (Fed. Cir. 2005) (holding that a plaintiff cannot cure its lack of Article III standing by adding a party or executing a nunc pro tunc assignment).

Dated: November 15, 2024

Respectfully submitted,

*/s/ Gilbert A. Greene*
Gilbert A. Greene
State Bar No. 24045976
J. Bradford Thompson
State Bar No. 24046968
W. Andrew Liddell
State Bar No. 24070145
**DUANE MORRIS LLP**
Terrace 7
2801 Via Fortuna
Suite 200
Austin, TX 78746-7567
P: 512-277-2300
F. 512-597-0703
*BGreene@duanemorris.com*
*BThompson@duanemorris.com*
*WALiddell@duanemorris.com*

**ATTORNEYS FOR DEFENDANT VIVINT, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record via ECF and electronic mail on this the 15th day of November, 2024.

*/s/ Gilbert A. Greene*
Gilbert A. Greene